IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JESSE ELY PENA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-44-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, an inmate incarcerated at the Neal Unit in Potter County, Texas, has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody* challenging a state prison disciplinary ruling. [ECF 3]. In order to challenge the constitutionality of a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). As petitioner cannot meet either of these prerequisites, his federal habeas corpus application must be DENIED.

In his form habeas application, petitioner advises that on February 16, 2008, he was convicted in the 227th District Court of Bexar County, Texas and received a 16-year sentence. *State v. Pena*, No. 2007CR4265. However, petitioner does not identify the crime of which he was convicted in the space provided on the form for such information. [ECF 3 at 2]. Review of the online Offender

Information Detail maintained by respondent, however, confirms petitioner was convicted in Bexar County of the first degree felony offense of aggravated sexual assault of a child, committed on November 9, 2006, and sentenced to 16 years imprisonment.[1]

The mandatory supervision eligibility statute in effect when petitioner committed his aggravated sexual assault offense on November 9, 2006 stated, "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . a first degree felony under Section 22.021[of the Texas] Penal Code [Aggravated Sexual Assault]." Texas Gov't Code § 508.149(a)(8) (2006).[2]  As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus.  *See Malchi*, 211 F.3d at 958.  Consequently, petitioner's federal habeas corpus application must be DENIED.

In response to Question 18 of the habeas application form, petitioner acknowledges he did not lose previously earned good-time days as a result of the state prison disciplinary proceeding.  [ECF 3 at 5].  As the law in the Fifth Circuit currently stands, petitioner did not receive a punishment sanction that included the forfeiture of **previously accrued good time credits**; thus, petitioner cannot receive federal habeas corpus relief.  The punishment petitioner was assessed in the disciplinary proceeding, including 45 days recreation restriction, 45 days phone restriction, 45 days commissary restriction, a reduction in classification from S3 to S4, and a reduction in custody level to G4, constituted only changes in the conditions of his confinement and does not implicate the Due Process Clause of the United States Constitution as required for review in a federal habeas corpus proceeding.  *See Sandin*

---

[1]The Detail, however, reflects petitioner was sentenced on February 16, 20<u>10</u>.

[2]In response to Question 16 of his form habeas application, however, petitioner asserts he <u>is</u> eligible for release to mandatory supervision.  [ECF 3 at 5].

*v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Consequently, petitioner's federal habeas corpus application must be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the *Petition for a Writ of Habeas Corpus by a Person in State Custody* filed by petitioner JESSE ELY PENA be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED February 20, 2020.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds

of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).